UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
                                     :

PURPLE PASSION, INC.,              :

                                     :

                Plaintiff,     :

                                     :               05 Civ. 3795 (GEL)

         -against-           :

                                     :            **OPINION AND ORDER**

RCN TELECOM SERVICES, INC.,   :

                                   :

                Defendant.   :

                                     :
----------------------------------------------------------x

GERARD E. LYNCH, District Judge:

Defendant removed this negligence action from New York Supreme Court on grounds of

diversity of jurisdiction, noting that the complaint sought damages of at least $100,000.00.  By

letter to the Court, plaintiff now seeks to file an amended complaint reducing the amount of

damages sought to $74,000, and a consequent remand to the state court.  (Letter of Alan Richard

Levy, Esq., to the Court, dated August 3, 2005.)  Plaintiff cites Villano v. Kohl's Dep't Stores,

Inc., 362 F. Supp. 2d 418 (S.D.N.Y. 2005), for the proposition that a case may be remanded

based on such a subsequent amendment of the complaint.

This Court respectfully disagrees with the reasoning of Villano.  It is long established law

that events occurring after removal that reduce the amount in controversy, including action by the

plaintiff  "after removal, by stipulation, by affidavit, or by amendment of his pleadings, [that]

reduces the claim below the requisite amount, . . . does not deprive the district court of

jurisdiction."  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 US. 283, 292 (1938).  The Court

in Villano believed that this binding authority has been abrogated by a 1988 amendment to 28

U.S.C. § 1447(c).  That statute formerly required remand "[i]f at any time before final judgment

it appears that the case was removed improvidently and without jurisdiction"; the 1988

amendment deleted the reference to improvident removal, and now calls for remand "[i]f at any

time before final judgment it appears that the district court lacks subject matter jurisdiction."

Although the Second Circuit has not addressed this argument, it has been rejected by

every Court of Appeals that has considered it. Poore v. Am.-Amicable Life Ins. Co. of Texas,

218 F.3d 1287, 1290–91 (11th Cir. 2000) (joining "every Circuit that has addressed this issue"

and holding that "events occurring after removal which may reduce the damages recoverable

below the amount in controversy requirement do not oust the district court's jurisdiction");

Hudson United Bank v. LiTenda Mortgage Corp., 142 F.3d 151, 157 n.8 (3d Cir. 1998)

("Congress did not mean to upset [the focus on jurisdiction at the time of removal] and that [the

traditional rule] remain[s] in effect unchanged by the intervening textual modifications to §

1447(c).");  Doddy v. Oxy USA, Inc., 101 F.3d 448, 456 n.4 (5th Cir. 1996) ("[Section] 1447(c)

cannot be read to overrule the repeatedly expressed view that changes after removal cannot

eliminate jurisdiction and require remand.");  Baldridge v. Kentucky-Ohio Trans., Inc., 983 F.2d

1341, 1348 n.11 (6th Cir. 1993) ("[C]ourts have not construed [the amendment] in this

revolutionary way.");  In re Shell Oil Co., 966 F.2d 1130, 1133 (7th Cir. 1992) ("Neither the text

of the revised § 1447(c) nor its legislative history implies that Congress altered the traditional

view . . . that jurisdiction present at the time a suit is filed or removed is unaffected by

subsequent acts.").  The treatise writers similarly remain unanimous that "once a case that has

been initiated in state court has been removed properly, subsequent events that reduce the amount

recoverable, such as the plaintiff's amendment of the complaint, will not defeat the federal

court's subject matter jurisdiction."  14C Charles Alan Wright et al., Federal Practice and

Procedure § 3725, at 115 (3d ed. 1998); see also 16 James Wm. Moore, Moore's Federal Practice § 107.41[2][C], at 216 (3d ed. 2005) (stating "if the plaintiff voluntarily lowers the amount in controversy after the defendant removes the case, that change does not deprive the federal court of jurisdiction, if the amount in controversy exceeded the jurisdictional minimum at the time of removal," but noting minority view that post-removal stipulation reducing amount in controversy can divest jurisdiction).

Moreover, the Supreme Court has remarked, since the amendment to § 1447(c) but without referring to it, that it has "consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991). The Second Circuit has also recited the rule of St. Paul Mercury that "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction," subsequent to the 1988 amendment of § 1447(c) (albeit in a non-removal context and without reference to the amendment), without any indication that the rule might now be qualified. Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 785 (2d Cir. 1994); see also Wolde-Meskel v. Vocational Instruction Project Community Servs., Inc., 166 F.3d 59, 62 (2d Cir. 1999) (holding that summary judgment reducing claim to below the statutory jurisdictional amount does not divest jurisdiction, without reference to any possible effect of the 1988 amendment). At least one district judge of this Court has rejected the analysis relied on by Villano on the ground that Tongkook America demonstrates that "the St. Paul Mercury rule still obtains in this Circuit." Munoz v. Sesame Place, Inc., No. 97 Civ. 5055 (SHS), 1998 WL 150495, at *1 (S.D.N.Y. Mar. 30, 1998); see also Williams v. NYS Livery Service, Inc., No. 95

Civ. 401 (PKL), 1995 WL 491485, at *2–*3 (S.D.N.Y. Aug. 17, 1995) (applying St. Paul Mercury rule to deny remand, subsequent to amendment of § 1447(c), but without discussion of amendment).

The strong weight of authority is thus against plaintiff's position. Policy also favors the traditional rule. While the Villano rule has the advantage of dismissing from the federal courts actions of lesser consequence, it facilitates gamesmanship and forum- and judge-shopping by encouraging plaintiffs filing in state court to seek exorbitant damages against the chance the case will not be removed, and then to reduce their demands if the case is removed to federal court, or not, depending on their happiness with the assigned judge. Such gamesmanship, and the resulting ping-ponging of cases from state to federal court and back again, should not be permitted.

Accordingly, plaintiff's request for leave to amend the complaint to reduce the damages is granted, but the application for remand to state court is denied.

SO ORDERED.

Dated: New York, New York
      August 11, 2005

                                GERARD E. LYNCH
                         United States District Judge